10105

ROBERTSON *ET AL.* v. PEEPLES, ATTY. GEN., *ET AL.*

(115 S. E., 300)

1. LEGISLATURE—CONSTITUTIONAL LAW.—The Court will not assume that a Legislative Committee will exceed its constitutional powers.

2. LEGISLATURE—POWER TO PROCURE EVIDENCE.—The Legislature has the power to obtain information on any subject on which it has the power to legislate, and ulterior motives will not be imputed to it in such an endeavor.

3. CONSTITUTIONAL LAW.—Act giving power to Canal Commission to procure evidence, is not unconstitutional as a special act, where it is for the purpose of obtaining information as the basis for future legislation which is not covered by any general law.

Petition in the original jurisdiction by E. W. Robertson, Columbia Railway, Gas & Electric Co. and C. M. Tew for injunction against Thomas H. Peeples, as Attorney-General, et al., constituting the Canal Commission. Injunction refused and complaint dismissed.

*Messrs. Wm. Elliott, J. B. S. Lyles* and *W. C. McLain,* for plaintiffs, cite: *Act of* 1918 *beyond constitutional authority of the Legislature:* Art. 3, Sec. 13; Art. 1, Sec. 29; 87 S. C., 292. *Power of Legislature to investigate and punish for contempt, through committees:* 8 Cyc., 817; 87 S. C., 290; Art. 5, Sec. 1, Constitution 1895; 84 S. C., 559; 78 S. C., 211; 74 S. C., 466; 73 S. C., 165; 2 Strob., 250; 166 U. S., 661; 14 Gray, 226; 1 A. S. R., 851; 2 N. E., 650; 19 L. R. A., 519; 103 U. S., 168; 32 Fed., 241. *Relation between city and railway is that of grantor and grantee:* 19 Stat., 190; 20 Stat., 967. *The State is bound by rules established for the administration of justice between individuals:* 22 S. C., 74; 32 Fed., 261. *An act is for the purpose of fishing for evidence:* 24 S. C., 558; 107 S. C., 114; 32 Fed., 263. *Act is unconstitutional as there is a general law covering the matter:* Art. 3, Sec. 34, Subdivision 9, Constitution 1895; 85 S. C., 186.

*Messrs. Thomas H. Peeples, Attorney-General, B. L. Abney* and *J. Fraser Lyon,* for defendant, cite: *As to validity of statute:* 73 S. C., 165; 201 U. S., 43; 221 U. S., 361; 200 U. S., 783; 74 S. C., 466. *Distinction between summons to an officer of a corporation to produce records and to an individual:* 200 U. S., 74; 221 U. S., 382. *Motive of Legislature cannot be inquired into:* 151 U. S., 46; 142 U. S., 544; Cooley's Con. Lim. (5th Edition), 22; 239 U. S., 531.

· January 4, 1919.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This is an action for injunction in the original jurisdiction of this Court. The necessity for a prompt decision is so apparent that this Court has decided to take jurisdiction.

The following is the complaint:

"The plaintiff, complaining of the defendant, alleges:

"1. That plaintiff, Columbia Railway, Gas and Electric Company, is a corporation duly organized and existing under the laws of South Carolina and the owner of the property known as the Columbia Canal, in and near the City of Columbia. And the plaintiff, E. W. Robertson, is a citizen and resident of Richland County and President and Treasurer of said corporation. And the plaintiff, C. M. Tew, is a citizen and resident of Richland County and Auditor of said corporation.

"2. That the defendants are the officers of the State of South Carolina, designated under an Act of the General Assembly of South Carolina, approved March 12, 1917, entitled 'AN ACT to Declare That the Columbia Canal and its appurtenances, and the interest of the State in and to the Columbia Canal, Authorized to Be Transferred Under an Act Entitled "An Act to Incorporate the Board of Trustees of the Columbia Canal, to Transfer to the said Board the Columbia Canal, With the Lands Now Held Therewith, and its appurtenances, and to Develop the Same," approved December 24th, 1887, and Acts Supplemental or Amendatory Thereof, Shall Revert to the State by Reason of and on Account of the Violation of the Conditions Contained in Said Acts, and to Provide Provisions Relating to the Operation, Management, Control, Disposal or Sale of said Canal,' and also under a second

Act, approved March 28, 1918, entitled 'AN ACT to Provide for an Investigation of the Management, Disposition and Control of the Columbia Canal, Its Income and the Connection of its Arrangements, the Conveyee of said Property May Have Had, or Now Have With Other Power and Light Producing Properties, or the Officer or Agents Thereof,' both of said Acts being incorporated herein by reference.

"3.  That on December 11, 1917, the defendants commenced an action against this corporation plaintiff, in the name of the State, seeking to recover judgment of possession of said Columbia Canal and for such income or rentals as may have been received by such corporation therefrom since August 20, 1917, and such action is now on appeal to the Supreme Court of South Carolina from orders refusing defendant's petition for removal and overruling defendant's demurrer; and the record in said action is hereby incorporated into this complaint by reference.

"4.  That on the 2nd day of December, 1918, a so-called summons was served upon each of the plaintiffs, E. W. Robertson and C. M. Tew, together with a list of documents, deeds and papers, of which a copy is annexed and made a part hereof, marked 'Exhibit A,' and plaintiffs allege that the documents, deeds and papers referred to in said list insofar as they exist and are within the possession or control of plaintiffs, are the property of the corporation plaintiffs.

"5.  That said Act, approved March 28, 1918, and the actions of defendants thereunder, including the service of the summons above stated, are null and void and in contravention of the 14th Amendment of the Constitution of the United States and Sections five, fourteen and sixteen of Article I. and Section 34 (Subdivision IX.) of Article III. of the Constitution of South Carolina.

"6.  That plaintiffs have no adequate remedy at law to protect them in their liberty and property against this illegal

and outrageous proceeding, which plaintiffs allege, upon information and belief, is taken for the purpose of securing information and evidence to be used against the plaintiff corporation in the suit now pending.

"Wherefore plaintiffs pray judgment:

"1. That the defendants and each of them be permanently enjoined from proceeding or taking any further steps directed against any one of said plaintiffs under said summons or said Act approved March 28, 1918.

"2. That the defendants and each of them be enjoined, pending the final determination of this controversy, from proceeding or taking any further steps against any one of said plaintiffs under said Act approved March 28, 1918."

Three questions are discussed in argument, and only these need be considered.

I. "In the argument the plaintiffs complain that Art. III, Section 13 is violated by the Act in question, in that the Act provides for greater punishment for a refusal to answer questions that may be asked of the witnesses than the Legislature can impose."

This Court can not assume beforehand that the Committee will attempt to exceed its Constitutional powers. We can not assume that a Committee of co-ordinate department of government will perform an unconstitutional Act, or do an Act in an unconstitutional manner.

II. "If Section 13 of Article III does not have the conclusive force we contend for, the question remains as to the power of a Legislature to investigate and punish for contempt and to exercise such power by committee."

In the case of *Ex parte Parker,* 74 S. C., page 470, this Court said:

"The power of the General Assembly to obtain information on any subject upon which it has power to legislate, with a view to its enlightenment and

guidance, is so obviously essential to the performance of legislative functions that it has always been exercised without question."

The Legislature frequently needs to know the existence or non-existence of certain facts, as a basis of legislation. There is a legitimate use the Legislature can make of the facts in this case and we can not impute to the Legislature an ulterior purpose in passing the act complained of, or that it will make an improper use of the information when secured.

III. "The Act of 1918 violates Section 34 (subdivision 9) of Article III of our Constitution, since there is a general law under which the purpose of the Act of 1918 can be accomplished, so far as it is constitutionally permissible. The existence of the general law establishes the violation of this section."

The record does not show that there are other grants of the State that may come under investigation and therefore there is no apparent scope for a general law. The appellant insists that the investigation is in aid of the litigation now pending between the parties to this suit. This ignores the distinction between a Judicial and a Legislative investigation. Inasmuch as the plaintiffs concede that there is now ample provision for the judicial investigation, we must conclude, as we are bound to assume anyway, that the investigation is designed by the Legislature to furnish the basis of future legislation.

The motion for injunction is refused and the complaint dismissed.